IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Amanda Starliper being first duly sworn, hereby deposed, and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter ATF) and have been so employed since March of 2023.  I am a federal law enforcement officer as defined in Rule 41(a)(2)(C). In that capacity I am authorized by federal law to submit this affidavit for a criminal complaint and apply for an arrest warrant under Rule 41 of the Federal Rules of Criminal Procedure.

I am currently assigned to the Lexington Field Office. My current duty assignment includes, but is not limited to, investigating violations of Federal firearms, arson and explosives laws. I have received training and have gained experience in all aspects of law enforcement, including interviewing techniques, arrest procedures, search warrant applications, the execution of search and seizures, computer evidence identification, and various other criminal laws and procedures.

I am authorized and have the responsibility to investigate and arrest persons for violations of Federal law, to include Title 18, U.S.C., Section 922(g)(1) - Possession of a firearm or ammunition that has traveled in interstate or foreign commerce after having been convicted in any court of a crime punishable by a term of imprisonment exceeding one (1) year.

During my time as a Criminal Investigator, I have investigated violations of the Federal Firearms Laws, including cases that involved the criminal possession and use of firearms, as well as the manufacture and use of destructive and incendiary devices. I have also participated in

various aspects of federal investigations, including interviewing defendants, witnesses, and cooperating sources. I have also participated in the collection and analysis of evidence obtained from video surveillance footage, and I have conducted surveillance, to include physical, mobile, and technical, surveillance.

The information in this affidavit is based on my participation in this investigation, information provided to me by other law enforcement officers involved in the investigation, as well as discussions I have had with other Special Agents and other witnesses. Dates, times, figures, and calculations reported in this affidavit are approximate. The information contained in this affidavit does not describe the entirety of this investigation, but sets forth only those facts relevant and necessary to determining probable cause that, on or about April 12, 2026, in Fayette County, in the Eastern Judicial District of Kentucky, Jonathan Huff (hereinafter Huff) date of birth XX-XX-1988, social security number XXX-XX-3368, did possess firearms that have traveled in interstate and/or foreign commerce, after having been convicted on any crime punishable by a term of imprisonment exceeding one (1) year, in violation of Title 18 U.S.C. § 922(g)(1).

**<u>PROBABLE CAUSE</u>**

On April 12, 2026, at approximately 7:45 AM the Lexington Fire Department responded to a residence located at 749 Orleans Circle, Fayette County, Kentucky, in the Eastern District of Kentucky, in reference to a house fire. The Lexington Police Department Hazardous Device Unit responded to the scene and requested assistance from the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter ATF). Law enforcement confirmed that one of the residents of the house was Jonathan Huff, date of birth XX-XX-1988 and social security number XXX-XX-

3368.  Huff was present when emergency personnel arrived at the residence and was later interviewed by law enforcement.

During the investigation, law enforcement interviewed multiple witnesses.  Witnesses advised law enforcement that prior to the fire, two (2) explosions were heard. Huff was observed fleeing from the residence on foot carrying a black bag. Huff was heard saying, "I gotta go, I gotta go".  Huff left in a vehicle and then returned to the scene.  Huff was transported to the hospital for severe burns to his hands and back.

Huff was interviewed by Lexington Police Department officers and ATF Special Agents Patrick DeStefano and Amanda Starliper. Huff was advised of his *Miranda* rights and during the interview he made admissions to law enforcement that he was in possession of firearms on this date. Huff stated that he possessed a Glock pistol and an AR style rifle.  Huff advised law enforcement that the Glock pistol was in a black bag that he had placed inside of his vehicle that morning.

Detectives with the Lexington Police Department applied for and were granted a search warrant for Huff's residence and vehicle. During the search of Huff's vehicle, law enforcement located and recovered a Glock 19 Gen 5 9mm pistol, serial number BNKT999, from a black backpack and a Ruger AR .556 caliber rifle, serial number: 859-73250.  The firearms matched the description of the firearms Huff admitted possessing.

Through a criminal history check, agents confirmed that Huff had previously been convicted of a felony offense of a crime punishable by imprisonment for a term exceeding one year. Agents received records from Indiana showing that on November 22, 2021, Huff was convicted of Possession of Methamphetamine, a Level 6 felony, from the Orange Circuit Court, cause number 59C01-2110-F5-000778 and was sentenced to  2 years and 6 months.

Through my training and experience I am aware federal charge 18 U.S.C. § 922(g)(1) states that it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Additionally, I know the term "firearm" is defined in 18 U.S.C. § 921(a)(3) as any weapon (including a starter gun) which will or is designed to or may readily converted to expel a projectile by the action of an explosive.

## AMMUNITION INTERSTATE NEXUS DETRMINATION

On April 12, 2026, ATF Nexus Expert Special Agent Ryan Caudill reviewed the firearms recovered from Huff's vehicle. SA Caudill advised that the recovered firearms were firearms by federal definition and were manufactured outside of the Commonwealth of Kentucky prior to Huff's possession.  Therefore, the firearms traveled in or affecting interstate commerce prior to Huff's possession.

## CONCLUSION

Based on the foregoing, I submit  there is probable cause to believe that, on or about April 12, 2026, in Fayette County, in the Eastern District of Kentucky, Jonathan Huff did possess firearms that have traveled in interstate or foreign commerce after having been convicted of a crime punishable by a term of imprisonment exceeding one (1) year, in violation of 18 U.S.C. § 922(g)(1).

I declare under the penalty of perjury that the above statement is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,

_Amanda Starliper, by EBA
Amanda Starliper
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives

Sworn to me and subscribed by telephone in accordance with Fed. R. Crim. P. 4.1 and 41(d)(3) on the day of April 12, 2026.



Signed By:

**_Edward B. Atkins_** *EBA*

**United States Magistrate Judge**

HON. Edward B. Atkins
UNITED STATES MAGISTRATE JUDGE